**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ALLISON RAE,** | |
| **Plaintiff,** | **MEMORANDUM DECISION** |
| **vs.** | **AND ORDER** |
| **JOHNATHAN ANDREW RAE,** | |
| **Defendant**. | **Case No. 2:14CV704 DAK** |

This matter is before the court on Defendant Johnathan Andrew Rae's  Motion to Dismiss and on Plaintiff Allison Rae's Motion Seeking a Grant of Relief from Judgment Pursuant to Rule 60(b).[1]  A hearing on the motions was held on January 21, 2015.  At the hearing, Plaintiff was represented by James K. Ord III, and Defendant was represented by Jon M. Hogelin.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

According to the Complaint, Defendant filed a divorce action in a Kansas court on January 15, 2013, and Plaintiff, who was allegedly not properly served,  filed a divorce action in Utah on February 15, 2013.  On June 14, 2013, the Kansas court entered a Decree of Divorce. Plaintiff tried to invalidate the Kansas Decree but failed.  The Utah case is still ongoing.  On September 29, 2014, Plaintiff filed the instant lawsuit.

---

[1] Docket Nos. 23 & 24.

In this lawsuit, Plaintiff essentially seeks relief from the Decree of Divorce issued by the Kansas court, arguing that the court's jurisdiction was obtained "under fraud and  false pretenses perpetrated on that court by Mr. Rae and his attorney."  She asks this court to declare that the Kansas Default Decree of Divorce is void for lack of jurisdiction and that it violated her due process rights.  She also requests that criminal charges be filed against Mr. Rae and his divorce attorney.

On October 7, 2014, soon after Plaintiff filed her Amended Complaint and "Emergency Motion to Remove [Kansas and Utah Divorce] Cases to Federal Court, this court issued an Order denying the motion and explaining that this court had no authority to "remove" cases from state courts.[2]  In the Order, this court also explained that "this court has no jurisdiction over matters involving  domestic relations," citing *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1980) ("[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States") and *Barber v. Barber*, 62 U.S. 582, 584 (1858) ("[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony").   The Order stated that "[i]t is now well established that federal courts do not have diversity jurisdiction to grant a divorce or annulment, determine support payments, or award custody of a child."  *See e.g., Vaughan v. Smithson,* 883 F.2d 63 (10th Cir. 1989).  Therefore, "this court could not exercise jurisdiction over Plaintiff's divorce cases in any event."

---

[2] Docket No. 21.

Plaintiff then filed a Second Amended Complaint,[3] which she called a "First Amended Complaint And Request to Remove Case from Kansas State Court and Request for Declaratory Judgment and Request for Injunctive Relief."[4]  Two weeks later, she filed the instant motion for relief from the Kansas Decree of Divorce.

Soon thereafter, Defendant filed the instant Motion to Dismiss, arguing that Plaintiff's Complaint is not appropriately brought before this court because Plaintiff's request for removal is untimely, there is lacking subject matter jurisdiction, an attempt to forum shop, and a failure to include necessary parties, such as the State of Kansas, which Plaintiff alleges has violated her constitutional rights.  Therefore, Defendant asks this court to dismiss the Amended  Complaint with prejudice and award Defendant attorney's fees based upon the improper filing of the Complaint.   Alternatively, Defendant asks that the court "remand" this case.[5]

Having considered the parties' memoranda and oral argument, the court grants Defendant's Motion to Dismiss and denies Plaintiff's Motion "Seeking a Grant of Relief from Judgment Pursuant to Rule 60(b).  This court does not have jurisdiction to declare void the Kansas Divorce Decree - nor can it reach out and "remove" a case from the Kansas court or the

---

[3]  This amended Complaint was filed without leave of court or stipulation of the Defendant, but at this point, the court will deem it to be properly filed.

[4]  Docket No. 22.

[5]  The court cannot remand a case such as this one, where no case has actually been removed, and thus, there is no court to which the case could be "remanded."  Plaintiff has merely requested that this court remove two different state court cases, which is not a legally recognized procedure.

Case 2:14-cv-00704-DAK   Document 33   Filed 03/02/15   Page 4 of 5

Utah court.  The *Younger* abstention doctrine[6] is applicable here: "Federal courts should not interfere with ongoing state court proceedings 'by granting equitable relief such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings' when the state forum provides an adequate avenue for relief."  *Braverman v. New Mexico,* 2011 WL 6013587 (D.N.M. October 19, 2011) (citing *Weitzel v. Div. of Occupational & Prof'l Licensing,* 240 F.3d 871, 875 (10th Cir. 2001).

Moreover, the Tenth Circuit has recognized that, "the matrimonial exception to diversity jurisdiction, as articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1859), remains valid and precludes federal courts from exercising jurisdiction over cases involving divorces, alimony, or child custody."  *Brown v. District of Columbia*, 1997 WL 235605 (10th Cir. May 8, 1997) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) and *Williams v. Lambert*, 46 F.3d 1275, 1283 (2d Cir. 1995)).  The Tenth Circuit went on to say that, "[m]oreover, it is well established that federal courts lack subject matter jurisdiction to review a state court judgment, even if the state judgment is challenged as unconstitutional."  *Id.* (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983)).

In this case, Plaintiff has presented no authority to suggest that these binding legal principles do not apply in this case or that this court otherwise has jurisdiction over this action. Therefore, the action must be dismissed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss

---

[6] *See Younger v. Harri*s, 401 U.S. 37 (1971).

{Docket No. 24] is GRANTED, and Plaintiff's Motion Seeking a Grant of Relief from Judgment

Pursuant to Rule 60(b) [Docket No 23] is DENIED.  Each party shall bear its own fees and costs.

The Clerk of Court is directed to close this case.

DATED this 28th day of February, 2015.

BY THE COURT:

Dale A. Kimball
United States District Judge